UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**KAREN JONES PETERSON**   **PLAINTIFF**

v.   **CIVIL ACTION NO. 3:10CV-98-C**

**CAROLYN JONES HOPKINS**   **DEFENDANT**

### MEMORANDUM OPINION

The plaintiff, Karen Jones Peterson, filed a complaint, without the assistance of counsel, against Carolyn Jones Hopkins. Because the court lacks subject-matter jurisdiction over this action, the action will be dismissed pursuant to Federal Rule of Civil Procedure 12(h)(3).

I.

Peterson used a court-supplied general complaint form to initiate this lawsuit.[1] The complaint states her address as P.O. Box 852, Louisville, Kentucky, and states Hopkins's address as 807 East 191st Place, Glenwood, Illinois. Under the section of the form directing the plaintiff to state the grounds for filing her case in federal court, she states, "Fraud, Deformation [sic],[2] emotional distress, pain and suffering, Stalking, and harassment." In her statement of the claim, Peterson

---

[1] By previous order, the court found that the proper venue for this action under 28 U.S.C. § 1406(a) was the U.S. District Court for the Northern District of Illinois and transferred the case to that district. However, on April 26, 2011, the Northern District of Illinois found that this court is the more convenient forum for the parties pursuant to § 1404(a) and transferred the case back to this court.

[2] The court presumes that the plaintiff is referring to the tort of "defamation."

alleges, "Carolyn, has maliously called Department of Children and Family Service A.K.A. CPS for more than six years on me and my children trying to build any kind of case falsely in order to obtain benefits from State agencies." Peterson further alleges that Hopkins has been recorded as saying things that are untrue and meritless "because of a family grudge." Peterson states that Hopkins "falsely accused me of being mentally ill to CPS and my children were taken away on false allegations, this was one of the more than ten times of calling over the years." Peterson states that she has "all documents to prove all statements that have been reported."

In her prayer for relief, Peterson asks the court to "[a]ward damages in the amount of $700,000 for pain and suffering," "[a]ward damages in the amount of whatever the court feels deemable for deformation," and "[c]harge Carolyn Jones Hopkins criminal for this activity."

II.

*Pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972). The duty to be less stringent with *pro se* complaints, however, "does not require [the court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted), and the court is not required to create a claim for a *pro se* plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the "courts to explore exhaustively

2

all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Federal district courts are courts of limited jurisdiction, whose powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003). The party that seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377. Moreover, federal courts have an independent duty to determine whether they have jurisdiction and to "police the boundaries of their own jurisdiction." *Douglas v. E.G. Baldwin & Assoc.,Inc.*, 150 F.3d 604, 607 (6th Cir. 1998)(quoting *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997)).

Peterson has not met her burden of establishing federal-question jurisdiction under 28 U.S.C. § 1331. She cites no U.S. Constitutional provisions or federal statutes in support of her claim.

Additionally, she fails to establish diversity jurisdiction under 28 U.S.C. § 1332. Such jurisdiction requires complete diversity of citizenship, and the amount

in controversy must exceed "the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332. Diversity of citizenship apparently exists, as the parties' addresses are allegedly Kentucky and Illinois. To determine whether the amount in controversy exceeds the jurisdictional amount, the Court relies on the amount alleged in the complaint, *Klepper v. First Am. Bank*, 916 F.2d 337, 340 (6th Cir. 1990), where Peterson seeks $700,000 for pain and suffering, an unnamed amount for defamation, and criminal charges against Hopkins.

Damages for pain and suffering are available to "a plaintiff who recovers the medical expenses incurred in treating an injury." *Adam v. J.B. Hunt Transp.*, 130 F.3d 219, 224 (6th Cir. 1997) (citing *McVey v. Berman*, 836 S.W.2d 445, 449 (Ky. App. 1992)). Thus, damages for pain and suffering are not available to the plaintiff since she has not alleged a physical injury.

The only other damages sought by the plaintiff are damages for defamation. Under Kentucky law, the required elements of a defamation claim are:  (1) defamatory language; (2) about the plaintiff; (3) which is published; and (4) which causes injury to reputation. *Stringer v. Wal-Mart Stores, Inc.*, 151 S.W.3d 781, 793 (Ky. 2004). An expression of opinion can be defamatory, but is "actionable only if it implies the allegation of undisclosed defamatory facts as the basis for the opinion." *Yancey v. Hamilton*, 786 S.W.2d 854, 857 (Ky. 1989) (quoting Restatement (Second) of Torts § 566 (1977)). "[S]tatements of pure opinion, hyperbole, or rhetorical exaggeration will receive First Amendment protection."

*Ogle v. Hocker*, 279 F. App'x 391, 397 (6th Cir. 2008) (citing *Jolliff v. N.L.R.B.*, 513 F.3d 600, 610 (6th Cir. 2008)).

Further, allegedly defamatory language "will be defined according to [its] popular meaning, and as intended to be meant by the speaker and understood by the hearers. And, in arriving at the sense in which the defamatory language is employed, it is proper to consider the circumstances surrounding its publication and the entire language used." *Abbott v. Vinson*, 20 S.W.2d 995, 996 (Ky. 1929). The "use of hyperbole which would not be treated by a hearer or reader as intended to be literally believed is not actionable." *Davis Co. v. United Furniture Workers*, 674 F.2d 557, 562 (6th Cir. 1982). Courts recognize an exemption for statements of opinion that do not imply facts which can be proved false because in such a case "[t]he reader is in as good a position as the author to judge whether the conclusion" is correct. *Lassiter v. Lassiter*, 456 F. Supp. 2d 876, 882 (E.D. Ky. 2006).

Here, Peterson states that the defendant accused her of being "mentally ill" to Child Protective Services (CPS). The complaint states that the defendant made this statement "because of a family grudge." Peterson does not allege that the defendant stated that she was mentally ill based on any medical or psychiatric diagnosis or medical records which could be refuted or proven false. Upon review, Hopkins's purported statement that the plaintiff is "mentally ill" is an expression of subjective opinion and hyperbole and not subject to a defamation claim. *See Lifton v. Bd. of Educ. Of Chi.*, 416 F.3d 571, 579 (7th Cir. 2005) (statement that plaintiff

was "unstable" was opinion and not actionable defamatory language); *Weyrich v. New Republic, Inc.*, 235 F.3d 617, 626 (D.C. Cir. 2001) (statement that plaintiff has "bouts of . . . paranoia" is unverifiable comment and not actionable); *O'Brien v. City of Saginaw*, No. 10-12700-BC, 2011 U.S. Dist. LEXIS 200, at *9 (E.D. Mich. Jan. 3, 2011) (statement that someone is an "unfit mother" not subject to defamation claim because it cannot be proven false) (citing *Ireland v. Edwards*, 584 N.W.2d 632, 637 (Mich. Ct. App. 1998)); *Smith v. Garber*, No. 03-1424, 2003 U.S. Dist. LEXIS 12155, at *4 (E.D. Pa. Jun. 25, 2003) (calling someone a "kook" not subject to defamatory meaning as a matter of law); *Kryeski v. Schott Glass Technicians, Inc.*, 626 A.2d 595, 601 (Pa. 1993) (calling a co-worker "crazy" not actionable defamation); *Fram v. Yellow Cab Co. of Pittsburgh*, 380 F. Supp. 1314, 1329 (W.D. Pa. 1974) (use of words "paranoid" and "schizophrenic" may be properly characterized as "rhetorical hyperbole" or "vigorous epithets" not to be understood in their literal sense and not actionable).

Moreover, the court must consider the circumstances surrounding Hopkins's alleged statement. According to the complaint, Hopkins made this statement to CPS. CPS, as the alleged hearer, was in as good or better a position as Hopkins to judge whether the statement was true or not. CPS does not accept allegations at face value; it is required to conduct its own investigation before removal of a child from his or her parent. KY. REV. STAT. § 620.050(4). Removal of Peterson's children from her custody would have resulted from an investigation by CPS and

6

not based on the defendant's allegation alone.  Based on the foregoing, Peterson cannot recover damages on a defamation claim.

As the amount of damages alleged in the complaint does not exceed $75,000, Peterson fails to meet her burden of establishing the jurisdictional amount in controversy.  Accordingly, she has failed to establish that this court has subject-matter jurisdiction over this action, and the court will dismiss this action by separate order.

The clerk of court is **DIRECTED** to send a copy of this memorandum opinion and accompanying order to the plaintiff.

Signed on  October 27, 2011

**Jennifer B. Coffman, Judge**
**United States District Court**